IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES B. FAULKNER and S. KRISTIN FAULKNER, individually And as Next Friend for S.R.F., a Minor, ) ) ) ) Plaintiffs, ) ) v. ) ) MX SPORTS, INC., ) ) Defendant. ) | Case No. 3:23-cv-00802 Judge Aleta A. Trauger JURY DEMAND |

**MEMORANDUM AND ORDER**

Before the court is the plaintiffs' Motion to Amend Complaint ("Motion to Amend") (Doc. No. 44), to which the defendant has filed a Response in Opposition. (Doc. No. 47.)[1] Also pending before the court is the defendant's Motion for Summary Judgment. (Doc. No. 32.) For the reasons set forth herein, the court will grant in part and deny in part the Motion to Amend and deny the Motion for Summary Judgment as moot.

**I.  BACKGROUND**

This case arises from the "catastrophic" spinal-cord injuries sustained by a minor child who was swimming in a creek and on whom attendees at a motorsports event, organized by the defendant, jumped from a cliff adjacent to the event. (*See generally* Doc. No. 26.) The current operative complaint, the Amended Complaint, sets forth claims for negligence, gross negligence, and recklessness against the defendant. (*Id.*) The plaintiffs seek to amend their pleading a second time to add claims for intentional concealment and negligence *per se*. (*See generally* Doc. No. 44;

---

[1] The plaintiffs did not file a reply.

Doc. No. 44-1.) The plaintiffs also seek to adjust their prayer for relief. (*Id.*) The defendant opposes the Motion to Amend only as to the intentional concealment claim and the prayer for relief on grounds of futility. (*See generally* Doc. No. 48.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the opposing party's consent or by leave of court. Rule 15(a)(2) adds that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this "liberal amendment policy," the denial of a motion to amend "may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), *and Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). The party opposing a motion to amend has the burden of establishing futility. *Mason Sales, LLC v. Talent Creation, Ltd.*, No. 3:24-cv-00092, 2025 WL 696529, at *4 (M.D. Tenn. Mar. 4, 2025).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, are sufficient to state a

claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

In addition, in every civil case, the district court must issue a scheduling order that includes a limit on the time for amending pleadings and filing motions. Fed. R. Civ. P. 16(b)(3)(A). Rule 16 "ensure[s] that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

Thus, the consideration of a motion to amend filed after the deadline set in the governing scheduling order entails a two-step process under Rules 16(b) and 15(a). *Id.* Under Rule 16(b), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Forsman v. Silverstein*, No. 2:22-CV-4415, 2025 WL 1141812, at *3 (S.D. Ohio Apr. 17, 2025) (citation omitted). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citation omitted).

"Only after the movant shows good cause may the Court consider whether to grant leave under Rule 15(a)'s directive that leave shall be freely given when justice so requires." *Custard Hut Franchise LLC v. H&J Jawad LLC*, 697 F. Supp. 3d 723, 729 (E.D. Mich. 2023) (internal quotation marks and citation omitted).

3

### III. ANALYSIS

#### A. Rule 16(b)[2]

The plaintiffs argue that good cause to amend the scheduling order exists in this case because the defendant failed to disclose the number of persons at the motorsports event until June 11, 2025, well after the deadlines in the court's scheduling order to file motions to amend and to complete discovery.[3] (*See* Doc. No. 44 at 15–16.) The plaintiffs also argue that the defendant will not be prejudiced by the amendment. (*See id.* at 17–18.) The defendant does not respond to these arguments or otherwise address Rule 16(b) in its Response. *(See generally* Doc. No. 48.)

The court finds that the plaintiffs have shown good cause to extend the dates in the scheduling order. Indeed, the new facts plaintiffs seek to allege to support their negligence *per se* claim did not come to light until after the deadlines in the scheduling order had passed and until shortly before the plaintiffs filed their Motion to Amend. The plaintiffs therefore could not have sought leave within the original deadline. The delays in identifying a witness with knowledge and gathering the relevant testimony were also not caused by lack of diligence by the plaintiffs (*see* Doc. No. 44 at 14–17; Doc. No. 44-12 at 1–2), and it appears that the plaintiffs acted diligently in otherwise attempting to comply with the scheduling deadlines.

The court also finds that the defendant will not be significantly prejudiced by the amendment. The defendant does not argue that adding the negligence *per se* claim would be prejudicial. In any event, trial is scheduled to take place in more than five months, which gives the parties sufficient time to address the new claim. In addition, the plaintiffs "do not request that

---

[2] Because the court finds that the proposed intentional concealment claim and the prayer for relief do not pass muster under Rule 15(a)(2) (*see infra*, Section B), the court need not discuss these proposed amendments in its Rule 16(b) analysis.

[3] The deadline to file motions to amend was November 30, 2024, and the deadline for discovery was December 20, 2024. (See Doc. No. 12 at 2.)

4

discovery be reopened due to the proposed amendment." (Doc. No. 44 at 11.) Finally, as the plaintiffs point out, the negligence *per se* claim is based on facts and issues for which the defendant has already retained an expert witness. (*See* Doc. No. 44 at 18–19.)

Accordingly, the court finds that good cause exists under Rule 16(b) to modify the scheduling order. *See United States v. Care Servs. Mgmt. LLC*, No. 3:17-CV-01478, 2025 WL 1691905, at *4 (M.D. Tenn. June 13, 2025).

**B.     Rule 15(a)(2)**

The plaintiffs seek to amend their Amended Complaint to add claims for intentional concealment and negligence *per se* and to increase the monetary prayer for relief. (*See generally* Doc. No. 44.) The defendant opposes the Motion to Amend as to the intentional concealment claim and the prayer for relief on the basis of futility. (*See generally* Doc. No. 48.) For the reasons stated below, the court will allow the amendment with respect to the negligence *per se* claim but deny the amendment with respect to the intentional concealment claim and the prayer for relief.

1.     Negligence Per Se

The defendant does not oppose the amendment with respect to the negligence *per se* claim. (*See* Doc. No. 48 at 4.) Accordingly, the court will grant the Motion to Amend with respect to this claim. *See Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2021 WL 8693764, at *1 (E.D. Tenn. Feb. 18, 2021) (granting motion to amend because, *inter alia*, the defendant did not oppose it).

2.     Intentional Concealment

The plaintiffs seek to add a claim for intentional concealment under Tenn. Code Ann. § 29-39-102(h), "based upon Plaintiffs' recent discovery that the Defendant failed to disclose multiple liability insurance policies[.]" (Doc. No. 44 at 1.) The defendant argues that adding a claim for intentional concealment under § 29-30-102(h)(2) would be futile because the statute only

5

applies to the intentional concealment of material and discoverable evidence to evade liability, which does not apply to the late identification of liability insurance policies. (See Doc. No. 48 at 1–4.) Specifically, the defendant argues that liability insurance policies are not "records containing material evidence bearing on liability" as intended by the statute. (*See id.* at 1–2.)[4]

In relevant part, section 29-39-102 lifts the otherwise applicable cap on non-economic damages "[i]f the defendant intentionally falsified, destroyed or concealed records containing material evidence *with the purpose of wrongfully evading liability* in the case at issue[.]" Tenn. Code Ann. § 29-39-102(h)(2) (2012) (emphasis added).

Here, according to the plaintiffs' Motion to Amend and proposed Second Amended Complaint, the allegedly concealed insurance policies have no direct bearing on the defendant's liability. (*See* Doc. No. 44 at 11–13 (acknowledging that insurance policies are "not typically admissible in a liability phase of a trial"; further stating that "Plaintiffs do not seek to introduce evidence of . . . intentional concealment to the jury during the liability phase of the trial"); Doc. No. 44-1 (proposed Second Amended Complaint's header for the intentional concealment claim stating "NOT TO BE READ TO JURY IN LIABILITY PHASE").)

In addition, the intentional concealment claim in the proposed Second Amended Complaint is premised upon the theory that the defendant concealed the insurance policies, not to evade liability, but to try to compel the plaintiffs to settle for a lesser amount. (*See* Doc. No. 44-1 at 23 ¶ 73 ("[The defendant] chose to not disclose all of the insurance policies under the belief that the Plaintiffs would settle their claims for less than the full, combined insurance policy limits."); *see also* Doc. No. 44 at 6 ("Plaintiffs would not have communicated such an offer if they had known

---

[4] The defendant also contends that it did not intentionally conceal the insurance policies. (*See id.* at 3–4.) The court need not reach this argument.

of other potential insurance policies")).[5] As such, the proposed Second Amended Complaint fails to state a claim for intentional concealment under § 29-39-102(h)(2).

Accordingly, the court finds that the amendment would be futile with respect to this claim.

### 3. Prayer for Relief

The proposed amendment to the prayer for relief, which seeks to increase the *ad damnum* for compensatory damages from $20,000,000 to $35,000,000, is entirely based upon the intentional concealment claim. (*See* Doc. No. 44 at 3, 19–20.) Because the court denies the Motion to Amend with respect to the intentional concealment claim, the court must also deny the amendment with respect to the prayer for relief.[6]

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the Motion to Amend (Doc. No. 44) is **GRANTED** in part and **DENIED** in part. It is **GRANTED** with respect to the negligence *per se* claim and **DENIED** with respect to the intentional concealment claim and the prayer for relief. The granting of the Motion to Amend renders moot the pending Motion for Summary Judgment (Doc. No. 32), which is herein **DENIED** as moot. The plaintiffs are **DIRECTED** to file a Second Amended Complaint

---

[5] The statute does not define "liability." According to Black's Law Dictionary, the term has two meanings: (1) the "quality, state, or condition of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment" and (2) a "financial or pecuniary obligation in a specified amount." *See Liability*, BLACK'S LAW DICTIONARY (12th ed. 2024). However, "Black's Law Dictionary notes that when [the second] definition is intended, people [often] use the plural[.]" *United of Omaha Life Ins. Co. v. Kay*, 751 F. App'x 636, 639 (6th Cir. 2018); *see Liability*, BLACK'S LAW DICTIONARY (12th ed. 2024). The statute here uses "liability" in the singular and further makes a distinction between "liability" and any damages. *See* Tenn. Code Ann. § 29-39-103 "[I]f liability is found in a civil action, then the trier of fact, in addition to other appropriate findings, shall make separate findings for each claimant specifying the amount of [damages]."). Without additional authority or arguments, the court finds that concealment for the purpose of settling for a lesser amount does not fall within the purview of Tennessee Code § 29-39-102(h)(2).

[6] The court notes, however, that F.R.C.P. 54(c) allows for a recovery in excess of the amount pled in the *ad damnum*, so this ruling does not prejudice the plaintiffs.

7

in accordance with the present Memorandum and Order by **Friday, August 1, 2025**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge