# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES B. FAULKNER and S. KRISTIN FAULKNER, individually And as Next Friend for S.R.F., a Minor, ) ) ) ) Plaintiffs, ) ) v. ) ) MX SPORTS, INC., ) ) Defendant. ) | Case No. 3:23-cv-00802 Judge Aleta A. Trauger JURY DEMAND |

## MEMORANDUM

Before the court is the plaintiffs' Motion for Partial Summary Judgment ("motion") (Doc. No. 68), to which the defendant has filed a Response in Opposition (Doc. No. 72), and the plaintiffs have filed a Reply (Doc. No. 73). For the reasons set forth herein, the court will grant the motion.

## I. BACKGROUND[1]

This case arises from the "catastrophic" spinal-cord injuries sustained by a child who was swimming in a creek and on whom an unidentified patron of a motorsports event, organized by the defendant, landed after blindly jumping from a cliff. (*See* Doc. No. 72 at 1–2; *see generally* Doc. No. 56.) The plaintiffs seek summary judgment on the defendant's affirmative defense of comparative fault on the basis that Tennessee law does not allow such defense because the defendant cannot identify the individual who jumped on the child. (*See* Doc. No. 68 at 1.)[2]

---

[1] Unless otherwise indicated, the facts set forth herein are drawn from the Second Amended Complaint ("SAC") (Doc. No. 56), as well as the parties' briefing on the motion and supporting materials, and are undisputed for purposes of the motion.

[2] The court notes that the defendant did not file an answer to the SAC, but the parties' filings assume that the affirmative defenses in the defendant's Answer (Doc. No. 31) to the [First] Amended Complaint are

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56, any party "may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

"[A] fact is 'material' within the meaning of Rule 56(a) if the dispute over it might affect the outcome of the lawsuit under the governing law." *O'Donnell v. City of Cleveland*, 838 F.3d 718, 725 (6th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018) (quoting *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002)). By its terms, Rule 56 anticipates "that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material fact*." *Anderson*, 477 U.S. at 247–48 (emphasis in original). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine.'" *Id.*

In ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Id.* at 249. In determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id.* at 255; *Tolan v. Cotton*, 572 U.S. 650,

---

still in effect. (*See* Doc. No. 72 at 2.) In the interest of judicial economy, the court will also assume so for purposes of the pending motion but reminds the defendant that it must file an answer to the SAC.

660 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "[T]here must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* The inquiry, therefore, "asks whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id.*

### III. DISCUSSION

The factual background relevant to the pending motion is limited to a single, undisputed paragraph in the plaintiffs' Statement of Undisputed Facts ("SUMF") (Doc. No. 69), which states:

> The Defendant cannot identify, by name or with particularity, the individual who jumped from the rock bluffs into the creek and landed on [the child] on August 6, 2022.

(Doc. No. 69 ¶1; *see also* Doc. No. 72 at 1–2 (the SUMF is undisputed).) The plaintiffs argue that Tennessee substantive law precludes the defendant from raising the affirmative defense of comparative fault because the defendant cannot identify "by name or with particularity" the individual who injured the child. (Doc. No. 68 at 1.) In its Opposition, the defendant argues that the Federal Rules of Civil Procedure govern and do not impose such requirement. (*See* Doc. No. 72 at 2–6.) Accordingly, to rule on the pending Motion, the court must (a) ascertain the applicable law, and (b) determine whether it requires the defendant to identify the third-party tortfeasor to succeed on its comparative fault affirmative defense. The court will address each question in turn.

#### A. Tennessee Law Applies to the Comparative Fault Affirmative Defense

"Federal diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it generation of rules of substantive law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 426–27 (1996). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Id.* at 427; *see also Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013) ("In diversity cases, a federal court must rely

3

Case 3:23-cv-00802   Document 76   Filed 09/08/25   Page 3 of 8 PageID #: 1053

upon the substantive law of the forum state."). Accordingly, federal courts must look at state law to determine whether a contention is an affirmative defense. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 901 (6th Cir. 2002) (quoting approvingly *Morgan Guar. Tr. Co. of New York v. Blum*, 649 F.2d 342, 344 (5th Cir. 1981) ("In diversity of citizenship actions, state law defines the nature of defenses, but the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs.")).

Applying the above principles to comparative fault results in some tension between Tennessee substantive law and federal pleading standards. As one court has explained:

> Tennessee Rule 8.03 requires that "'a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . comparative fault (including the identify or description of any other alleged tortfeasors)[.]'" *Brown v. Wal–Mart Discount Cities*, 12 S.W.3d 785, 787 (Tenn. 2000) (quoting Tenn. R. Civ. P. 8.03). However, "[t]he Federal Rules of Civil Procedure . . . control pleading in diversity cases," *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 851 (6th Cir. 2006), and while "'state law defines the nature of defenses . . . [i]n diversity of citizenship actions,'" the "'Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs,'" *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 901 (6th Cir. 2002)). Rule 8(c)(1) of the Federal Rule of Civil Procedure does not require "the identity or description of any other alleged tortfeasors" that Tenn. Civ. P. 8.03 requires, and, in federal court, "'[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chadot*, 182 Fed. App'x 442, 456 (6th Cir. 2006) (citation omitted).

*Thomas v. Jenkins*, No. 3:16-1830, 2016 WL 6566707, at *3 (M.D. Tenn. Nov. 4, 2016). Based on this reasoning, some courts have denied motions to strike the affirmative defense when the underlying argument was that the party raising the defense failed to identify the non-party tortfeasor. *See, e.g., id.*; *Sandidge v. Acumed, LLC*, No. 3:16-0376, 2016 WL 8155359, at *5 (M.D. Tenn. Dec. 16, 2016), *report and recommendation adopted*, No. 3:16-CV-00376, 2017 WL 430070 (M.D. Tenn. Jan. 30, 2017). At least one court has also denied a motion for partial judgment on the pleadings pursuant to this argument. *See Hamby v. Res-Care, Inc.*, No. 3:16-0893, 2016 WL 8738443, at *2 (M.D. Tenn. Nov. 4, 2016). Other courts, however, have granted such

motions *See, e.g.*, *Welch v. FFE Transp. Servs., Inc.*, No. 3:13-CV-336-TAV-CCS, 2015 WL 3795917, at *4 (E.D. Tenn. June 18, 2015) ("Because defendant's answer does not sufficiently identify the nonparties upon which defendant seeks to impose fault, the Court finds plaintiff's motion to strike well taken in light of this rule."); *Debakker v. Hanger Prosthetics & Orthotics E., Inc.*, No. 3:08-CV-11, 2009 WL 3241739, at *3 (E.D. Tenn. Sept. 30, 2009); *see also Cherry*, 2020 WL 5912814, at *3 (denying motion to strike where the defendant gave fair notice of the defense by identifying the non-party tortfeasor).

Courts probably reached different results because Tennessee Rule 8.03 somewhat blurs the demarcation between procedural and substantive law, thereby complicating the application of the *Erie* doctrine. Fortunately, the pending motion presents a simpler question. Indeed, the plaintiffs seek judgment, not on the pleadings, but on the merits of the comparative fault defense based on the law as applied to undisputed facts. (*See* Doc. No. 73 at 1.) Therefore, the defendant's characterization of the motion as one to strike an affirmative defense is misguided. *Cf. Cherry*, 2020 WL 5912814, at *2 (noting that a motion characterized as one for summary judgment was "more properly deemed a motion to strike an affirmative defense" because it did "not seek judgment as a matter of law either as to the defendant's liability or as to the merits of its comparative fault defense based on the law as applied to undisputed facts"). Because the pending motion is one for summary judgment, cases such as *Thomas* are distinguishable. Therefore, the question for the court is not whether the defendant has pled comparative fault in accordance with federal pleading standards, *i.e.*, in a manner that gives the plaintiffs "fair notice of the nature of the defense." Rather, the question is whether the undisputed fact that, after the close of discovery,[3] the defendant is still unable to identify the non-party tortfeasor negates the defendant's

---

[3] The parties have requested extensions of time to depose expert witnesses, but these requests have no bearing on other discovery deadlines.

5

Case 3:23-cv-00802    Document 76    Filed 09/08/25    Page 5 of 8 PageID #: 1055

comparative fault affirmative defense. *See Firestone Laser & Mfg. LLC v. Bristow*, 745 F. Supp. 3d 552, 562 (N.D. Ohio 2024) ("the movant seeking to negate an affirmative defense on summary judgment . . . bear[s] the . . . responsibility to demonstrate the absence of a genuine dispute of material fact as to that affirmative defense." (quotation marks omitted)). This is a question of substantive, and thus state, law. *See. Hamby*, 2016 WL 8738443 at *2 ("*Brown* makes clear that the substantive law in Tennessee is that fault may not be apportioned to an unidentified tortfeasor and its substantive law controls in this diversity action.")

### B. Tennessee Law Bars the Comparative Fault Affirmative Defense Because the Defendant Is Unable to Identify the Comparative Tortfeasor

Rule 8.03 of the Tennessee Rules of Civil Procedure designates "comparative fault (including the identity or description of any other alleged tortfeasors)" as an affirmative defense. Tenn. R. Civ. P. 8.03. The purpose of the rule is to allow "a defendant to allege that a nonparty contributed to the plaintiff's damages, ultimately allowing the plaintiff to plead and serve, and the trier of fact to assign fault to, the comparative tortfeasor alleged in defendant's answer." *Brown v. Wal-Mart Disc. Cities*, 12 S.W.3d 785, 787 (Tenn. 2000). As such, "at the pleading stage, either the identity or a description of another potential tortfeasor is sufficient to initiate discovery." *Id.* at 787. The Tennessee Supreme Court, however, has made it clear that "when pre-trial discovery fails to identify the 'described' comparative tortfeasor alleged in defendant's answer, the defendant should not be allowed to argue, and the trier of fact should not be permitted to make a determination, that a percentage of fault should be attributed to the unidentified nonparty." *Brown v. Wal-Mart Disc. Cities*, 12 S.W.3d 785, 787 (Tenn. 2000); *see also Parsons v. Wilson Cnty.*, No. M201400521COAR3CV, 2015 WL 5178601, at *4 (Tenn. Ct. App. Sept. 3, 2015) ("Rule 8 . . . requires the party who desires to assert comparative fault to first make known the facts constituting such a defense as well as the identity of other persons alleged to be tortfeasors."); *Carroll v.*

6

Case 3:23-cv-00802    Document 76    Filed 09/08/25    Page 6 of 8 PageID #: 1056

*Whitney*, 29 S.W.3d 14, 21 (Tenn. 2000) ("a jury can apportion fault to a nonparty only after it is convinced that the defendant's burden of establishing that a nonparty caused or contributed to the plaintiff's injury has been met"); *Free v. Carnesale*, 110 F.3d 1227, 1231 (6th Cir. 1997) ("because comparative fault is an affirmative defense, a defendant who raises the defense is required to prove a *prima facie* case of negligence against the nonparty he contends was negligent").

The Tennessee Supreme Court has further noted that, for purposes of Rule 8.03, a non-party is sufficiently identified if it allows the plaintiff to "plead and serve process on such person." *Brown*, 12 S.W.3d at 788; *see Bellsouth Telecommunications, Inc. v. Young*, No. W2010-01825-COA-R3CV, 2011 WL 2462996, at *3 (Tenn. Ct. App. June 21, 2011) (although a mere description of an additional tortfeasor is sufficient during the pleading stage, a defendant must identify the non-party tortfeasor after discovery has closed so to allow the plaintiff to plead and effectuate service (citing *Brown*)); *see also Welch*, 2015 WL 3795917 at *4 ("because [the non-party tortfeasors] have not been specifically identified so that plaintiff can serve them with process, defendant cannot rely on the defense of comparative fault with respect to them").

Here, the defendant acknowledges that it "cannot identify" the person who jumped on the child but notes that Rule 8.03 uses the disjunction "or" and allows the party invoking comparative fault to plead the "identity or description of any alleged tortfeasors." (*See* Doc. No. 72 at 2). On this basis, the defendant argues that its Answer passes muster because it "provide[s] a description of [the] alleged tortfeasor." (*Id.*) This argument is not well taken because it ignores that the pre-trial discovery has now closed, meaning that identification is required for the trier of fact to attribute a percentage of the fault to the individual who jumped on the child. The defendant's Answer describes this individual in the following terms:

> The accident and injuries suffered by [the child] were caused by *an unknown female individual* who jumped into the creek from property owned and controlled by an adjacent

7

> neighbor to the Loretta Lynn Ranch. This individual landed on [the child], causing her injuries. Defendant had no control over the conduct of the *unidentified female individual whose identity has not yet been determined.* Therefore, the accident and injury suffered by the minor Plaintiff was caused by the negligence of a person over [whom] this Defendant, had no control or right of control.

(Doc. No. 31 at 8–9 (emphasis added)). Even putting substance over form and looking past the defendant's acknowledgement that it cannot identify the individual, this language clearly fails to sufficiently identify her, let alone allow the plaintiffs to effectuate service.

Without proper identification of the individual at this stage of the proceeding, Tennessee law bars the defendant's comparative fault defense. Accordingly, the court will grant the plaintiffs' motion.

### C. The Court Will Summarily Deny the Request for Additional Time

Finally, in a throw-away, one-sentence request, the defendant asks for "an additional 45 days to identify the non-party at issue." (*See* Doc. No. 72 at 5.) The court will summarily deny this request pursuant to L.R. 7.01, which requires litigants to file a motion when requesting action by the court. *See. Sims v. Navy Fed. Credit Union*, No. 3:23-CV-01339, 2025 WL 1651913, at *3 (M.D. Tenn. June 11, 2025) (summarily denying throw-away requests where a motion was the proper mechanism to seek the relief sought). Moreover, even if properly filed as a motion, it would, in all likelihood be denied, in the absence of substantial good cause shown.

### IV. CONCLUSION

For the reasons set forth herein, the plaintiffs' Motion for Partial Summary Judgment (Doc. No. 68) will be granted. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge